■ In the Matter of 128 HESTER LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING & COMMUNITY RENEWAL et al., Respondents. [46 NYS3d 85]—

Order and judgment (one paper) of Supreme Court, New York County (Carol E. Huff, J.), entered April 7, 2015, which granted respondent New York State Division of Housing and Community Renewal's (DHCR) motion for leave to file a sur-reply, denied the petition to annul DHCR's determination, dated October 17, 2013, denying the petitions for administrative review and directing petitioner to pay respondents tenants demolition stipends and relocation costs in consequence of the demolition of the subject building, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The article 78 court providently exercised its discretion in granting DHCR leave to file a surreply to rebut averrals in petitioner's pleadings (*see Pena-Vazquez v Beharry*, 82 AD3d 649, 649 [1st Dept 2011]).

Petitioner was afforded due process at the various stages of this proceeding (*see Matter of Beck-Nichols v Bianco*, 20 NY3d 540, 559 [2013]; *Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89 [1997], *cert denied* 523 US 1074 [1998]).

The agency determination has a rational basis in the record (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]). The record shows that, by the time petitioner purchased the building in August 2007, it was already in extremely poor physical condition, settling unevenly into its foundation and leaning six inches out of plumb, its internal steel support columns also leaning precariously, and wooden floor joists rotten and damaged by termites. Although petitioner undertook emergency shoring work, allegedly spending $100,000, the building continued to deteriorate and lean farther out of plumb, its demise hastened by vibrations from construction work on an 18-story hotel on an adjacent lot. Petitioner took no action for two years, until the building had deteriorated beyond repair, despite last-ditch efforts ordered by the Department of Buildings (DOB) in the summer of 2009.

Petitioner cannot escape responsibility for the building's precarious condition when acquired, since the condition was documented in outstanding DOB violations, and "the need to make . . . repairs could have been anticipated" before the purchase (*Eyedent v Vickers Mgt.*, 150 AD2d 202, 205 [1st Dept 1989]). Similarly, to the extent the deterioration was accelerated by work on the adjacent hotel project, it was incumbent

upon petitioner, as landlord, to take steps to ameliorate it, including through stop work orders. As landlord, petitioner was obligated to take reasonable steps to protect the building from the effects of the work next door, regardless of whether there was any overlap in ownership interests in the two properties (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 327 [1979], *cert denied* 444 US 992 [1979]). DHCR thus rationally concluded that petitioner "allow[ed] the building to deteriorate to the point where it would fall down" (*Eyedent*, 150 AD2d at 204 [internal quotation marks omitted]), warranting the award of demolition stipends and relocation costs (*see* 9 NYCRR 2524.5 [a] [2] [ii] [*a*], [*b*] [*3*]).

DHCR Operational Bulletin 2009-1 is not a "rule" for purposes of the State Administrative Procedure Act (State Administrative Procedure Act § 102 [2] [a] [i]; [b] [iv]), but merely develops the parameters for calculation of the demolition stipend, as expressly provided for in the Rent Stabilization Code (*see* 9 NYCRR 2524.5 [a] [2] [ii] [*a*], [*b*] [*3*]; 2527.11).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Richter, J.P., Andrias, Saxe and Gesmer, JJ.