Matter of 128 Hester LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 01510)





Matter of 128 Hester LLC v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 01510


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 150032/18 Appeal No. 15490 Case No. 2021-02369 

[*1]In the Matter of 128 Hester LLC, Petitioner-Appellant,
v
New York State Div. of Housing & Community Renewal et al., Respondents-Respondents.


Klein Slowik, PLLC, New York (Mikhail Sheynker of counsel), for appellant.
Mark F. Palomino, New York (Robert Ambaras of counsel), for New York State Division of Housing and Community Renewal, respondent.
John D. Gorman, New York, for Public Administrator of the County of New York for the Estate of Hun Siu Chu, John D. Gorman, Eng Kam Li, Wang Ai Yu, Ji De Yang, Jian Qing Han, Alice Jean, John Jean, Duan Liang Chen, Yi Qin Deng, respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about January 19, 2020, denying the petition to annul determinations of respondent New York State Division of Housing and Community Renewal (DHCR), dated May 26, 2010 and October 17, 2013, which ordered petitioner to pay demolition stipends to respondents (former tenants in petitioner's building) (the Tenants), and a determination, dated November 3, 2017, which upheld the calculation of the stipends owed, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's challenge to the Tenants' eligibility to recover the stipends, and any failure of due process predating the October 17, 2013 order, is barred by res judicata as to the Tenants still living and by collateral estoppel as to the Tenants who died before this Court rendered its decision in the prior article 78 proceeding challenging those orders (Matter of 128 Hester LLC v New York State Div. of Hous. & Community Renewal, 146 AD3d 706, 707-708 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 988 [2017]; see Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271, 276 [1988], cert denied 488 US 1005 [1989]; Good Health Dairy Prods. Corp. v Emery, 275 NY 14, 17 [1937]). While petitioner contends that the prior orders could not stand because the Tenants' attorney may not have actually represented any of the Tenants, the living Tenants' April 2017 affidavits evince counsel's continued representation of them.
Petitioner was afforded due process in the DHCR proceeding in which the amount of stipends due under DHCR Operational Bulletin 2009-1 was calculated (see Mathews v Eldridge, 424 US 319, 348-349 [1976]; Chase Group Alliance LLC v City of N.Y. Dept. of Fin., 620 F3d 146, 151-152 [2d Cir 2010]). It was given notice of the case against it and a meaningful opportunity to present its case, and, in fact, it presented various defenses and proffered documents in support of its arguments that liability should not attach and that the calculation was incorrect. A full adversarial hearing was not required (Matter of Church of Scientology of N.Y. v Tax Comm. of City of N.Y., 120 AD2d 376, 379 [1st Dept 1986], appeal dismissed 68 NY2d 807 [1986], lv dismissed 69 NY2d 659 [1986]).
The November 3, 2017 determination was neither issued in excess of jurisdiction nor arbitrary and capricious (see CPLR 7803[2], [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). This Court previously upheld the decision to grant demolition stipends; petitioner failed to demonstrate the applicability of the other options allowing relocation of the Tenants, who were evicted in 2009 before DHCR rendered a determination on petitioner's application for permission not to renew leases and to demolish the building; DHCR correctly calculated the amounts owed under the demolition stipend chart [*2]in Operational Bulletin 2009-1; and DHCR rationally interpreted its own regulation in finding that it had issued a final order directing payment of stipends in 2013, before the deaths of the three deceased Tenants (128 Hester LLC, 146 AD3d at 707-708; 9 NYCRR 2524.5[a][2][ii][b][1]-[3], [d]; see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]). Indeed, the 2013 determination was final and binding on petitioner, which sought judicial review of it (see CPLR 217; 7801[1]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022