**Avenue Second Owner LLC v New York State Divi. of Hous. & Community Renewal**

2024 NY Slip Op 30771(U)

March 11, 2024

Supreme Court, New York County

Docket Number: Index No. 158525/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u>     **PART**         **14**

*Justice*

----------------------------------------------------------------------------X

AVENUE SECOND OWNER LLC,

                    Petitioner,

              - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

       Respondent

MATTHEW BROOKS (APARTMENT 5A), NORA BROOKS
(APARTMENT 5A), BRANDEN GUY (APARTMENT 4A),
MILDRED GUY (APARTMENT 4A), DIANE E. MCLEAN
(APARTMENT 4B), KIM-NORA ANN MOSES (APARTMENT
3A), ROBERT SCHMIDT (APARTMENT 3A)

                Intervenor-Respondents.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158525/2023 |
| **MOTION DATE** | 03/04/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 9, 10, 11, 12, 13,
14, 15, 16, 17, 18, 19, 20, 21, 23, 25, 29, 30, 31

were read on this motion to/for            <u>ARTICLE 78</u>       .

The petition to annul a determination by respondent New York State Division of Housing

and Community Renewal ("DHCR") is denied.

**Background**

This proceeding concerns a DHCR decision related to a property owned by petitioner on

Second Avenue in Manhattan. Petitioner observes that there was a residential building on this

property that contained four rent-regulated apartments and that, pursuant to a DOB order, the

property was demolished in 2015. The building was evacuated after a gas explosion and fire that

caused a partial collapse. A new mixed-use building was constructed on the site following the

demolition.

158525/2023   AVENUE SECOND OWNER LLC vs. NEW YORK STATE DIVISION OF HOUSING      **Page 1 of 5**
AND COMMUNITY RENEWAL
Motion No. 001

1 of 5

[* 1]

The central issue in this proceeding is petitioner's contention that DOB improperly found that each of these rent-regulated apartments had seven rooms while petitioner contends that they had five rooms. The number of rooms is critical as that is how DHCR calculated the amount of the stipends that petitioner was required to pay to the prior tenants of these apartments.

The dispute was brought before the Rent Administrator ("RA"). The RA noted that petitioner filed an application on July 29, 2019 for DHCR related to these former tenants (NYSCEF Doc. No. 4). It observed that the demolished building "had five (5) stories and contained eight (8) Class A Units. At the time of the fire the subject four (4) apartments were subject to Rent Regulation" (*id*. at 1).

The RA concluded that "the owner is responsible for the payments of demolition stipends to the affected tenants pursuant to the Operation Bulletin 2009-1 and is not obligated to offer the subject tenants an apartment in the new building. Based upon the HUTS database and I-Cards, each of the 4 apartments had seven rooms. Therefore, the stipend amount payable to the tenants should be based upon [the] seven room count in accordance with Operational Bulletin 2009-1 and RSC" (*id*. at 2).

Petitioner then brought a petition for administrative review ("PAR"). DCHR noted that while the owner contended that there were five rooms in each apartment, the tenants claimed there were seven rooms according to a DHCR database (NYSCEF Doc. No. 3 at 2). It observed that:

> "OB 2009-1, which directly addresses demolition proceedings such as the one herein, states that, when calculating stipends in cases such as this one, the number of rooms in an apartment is to be determined based on registration with this Agency (i.e., the number of rooms "as registered"). The Commissioner finds that all four subject apartments are registered with this Agency as having seven rooms and have never been registered as having any other room counts. Therefore, the RA correctly found that stipends for the subject apartments must be calculated using seven rooms per apartment, as reflected by the registrations for such apartments. The

**158525/2023   AVENUE SECOND OWNER LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 2 of 5**

Commissioner further notes that I-Cards will not affect a room count for the purposes of calculating stipends in cases such as this one when there is clear evidence of the number of rooms registered and registration is how room count is calculated in these cases pursuant to OB 2009-1 as explained above. It is noted that registrations are made by the owner(s)" (*id*.).

Petitioner contends that this determination was arbitrary and capricious and observes that the precise number of rooms cannot be calculated because the former building was demolished. It maintains that DHCR's imposition of a requirement that the number of rooms derive from the registration statement is improper under the State Administrate Procedure Act ("SAPA"). It argues that under SAPA, there should have been a notice and comment process and DHCR cannot implement a rule without abiding by this procedure. Petitioner insists that I-cards (cards used as part of inspections) are far more accurate and they should be considered here.

DHCR observes that it promulgated the relevant regulations (Operational Bulletin 2009-1) in February 2009 and that it established procedures for demolition applications. It claims that the Appellate Division, First Department has already found that these regulations ("OB 2009-1") are valid and so its application here is permissible. It points out that I-cards are only available for buildings constructed prior to 1938 whereas relying on rent registrations is applicable to all regulated buildings, meaning the latter is a uniform standard.

The intervenor-respondents submit an answer in which they insist the PAR should be upheld (NYSCEF Doc. No. 32).

In reply, petitioner argues that even if DHCR did not have to follow SAPA, that does not mean that all portions of OB 2009-1 are proper.

**Discussion**

"It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious

**158525/2023   AVENUE SECOND OWNER LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

or without a rational basis in the administrative record and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end. Indeed, the determination of an agency, acting pursuant to its authority and within the orbit of its expertise, is entitled to deference and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (*Partnership 92 LP v State Div. of Hous. and Community Renewal*, 46 AD3d 425, 428-29 [1st Dept 2007], *affd* 11 NY3d 859 [2008] [internal quotations and citations omitted]).

Here, the Court finds that DHCR's determination was rational. The instant situation presents a unique set of circumstances. DHCR was tasked with calculating the number of rooms in apartments that had been previously demolished. It relied upon OB 2009-1 which provides that where an owner's application relating to demolishing a building is granted, an owner may "Pay the tenant a stipend which shall be the difference between the tenant's current rent and an amount to be calculated using the demolition stipend chart per room per month, multiplied by the actual number of rooms in the tenant's housing accommodation, but no less than three rooms" (NYSCEF Doc. No. 13 at 4). The rooms are defined as the number of rooms that are registered (*id*.).

The Court observes that contrary to petitioner's argument in the moving papers, the OB 2009-1 is not a rule wherein SAPA's procedures about rulemaking are applicable (*128 Hester LLC v New York State Div. of Hous. & Community Renewal*, 146 AD3d 706, 708 [1st Dept 2017] [noting that "DHCR Operational Bulletin 2009–1 is not a 'rule' for purposes of the State Administrative Procedure Act"]).

**158525/2023  AVENUE SECOND OWNER LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 4 of 5**

[* 4]

4 of 5

INDEX NO. 158525/2023
RECEIVED NYSCEF: 03/11/2024

Petitioner's revised argument in reply is that the Court should nevertheless require that I-cards, which are not available for every building, should be used; this is without merit. This Court's role in an Article 78 proceeding is to consider whether DCHR's decision was rational; the Court's role is not to micromanage how DHCR calculates the number of rooms. As DHCR noted in its PAR decision, these registrations "are made by the owner" (NYSCEF Doc. No. 3 at 2). DHCR's position that it uses these registrations in order to create a uniform standard applicable to all buildings justifies their use here. Here, there is no dispute that petitioner filed the registrations, the registrations stated each of these apartments had seven rooms, and they were never registered as having any other room count.

To the extent that petitioner claims in reply that a hearing is required, that request is denied as it was raised for the first time in reply.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 3/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158525/2023   AVENUE SECOND OWNER LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**                                        **Page 5 of 5**
Motion No.  001

5 of 5