Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 05655)

Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 05655

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, JJ. 

Index No. 155184/21 Appeal No. 3022 Case No. 2023-02990 

[*1]In the Matter of Stuyvesant Town-Peter Cooper Village Tenants Association, et al., Petitioners-Appellants,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Collins, Dobkin & Miller, LLP, New York (Seth A. Miller of counsel), for appellants.
Letitia James, Attorney General State of New York (Anthony R. Raduazo of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lisa S. Headley, J.), entered on or about May 1, 2023, which denied the amended petition to annul a newly promulgated regulation and related operational bulletins of respondent agency (DHCR) setting a reasonable cost schedule (Schedule) for major capital improvements (MCIs), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to vacate the dismissal in part, grant the petition to the extent of annulling so much of Rent Stabilization Code (9 NYCRR) § 2522.11(g)(1)(i)-(ii) that allows waivers to the cost ceilings set in the Schedule for items "necessarily and appropriately priced higher" and based on "undue hardship" to owners, annulling so much of the Rent Stabilization Code (9 NYCRR) § 2522.11(f)(1) which permits the recovery of "related expenses" and "other additional items" that are not specified or listed in the Reasonable Cost Schedule, and otherwise affirmed, without costs.
Under Part K of the Housing Stability and Tenant Protection Act of 2019, the Legislature required DHCR to promulgate rules and regulations "that shall . . . establish a schedule of reasonable costs for major capital improvements, which shall set a ceiling for what can be recovered through a temporary major capital improvement increase, based on the type of improvement and its rate of depreciation" (Administrative Code of City of NY § 26-511.1[a][1]). Such regulations also "shall . . . establish the criteria for eligibility of a temporary major capital improvement increase including the type of improvement, which shall be essential for the preservation, energy efficiency, functionality or infrastructure of the entire building, including heating, windows, plumbing and roofing, but shall not be for operational costs or unnecessary cosmetic improvements . . . . Only such costs that are actual, reasonable, and verifiable may be approved as a temporary major capital improvement increase" (Administrative Code § 26-511.1[a][2]).
As a threshold matter, we find that petitioners sufficiently demonstrated organizational standing to challenge the promulgation of a new regulation affecting their members, all of whom are tenants of rent stabilized apartments (see Matter of Real Estate Bd. of N.Y., Inc. v City of New York, 165 AD3d 1, 5 [1st Dept 2018]; see also Matter of Stevens v New York State Div. of Criminal Justice Servs., 40 NY3d 505, 515 [2023]). Petitioners appropriately proffered affidavits "to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]).
Turning to the merits, we find that the waiver provision allowing for rent increases based on MCI costs in excess of the maximums listed on the Schedule, whether because they are "necessarily and appropriately priced higher," or based on a finding that applying the Schedule "will cause an undue hardship" to the owner (9 NYCRR 2522.11[g][1][i]), [ii]), [*2]and the provision permitting landlords to recover both the maximum reasonable cost of the claimed improvement on the DHCR's Reasonable Cost Schedule (RCS), and "related expenses that are not specified" in the DHCR's Reasonable Cost Schedule but which the landlord claims are "necessary" for the claimed improvement (9 NYCRR 2522.11[f][1]) are "out of harmony with the statute" (Matter of Jones v Berman, 37 NY2d 42, 53 [1975]; see also CPLR 7803[2]), and thus ultra vires. The law clearly requires DHCR's Schedule to "set a ceiling for what can be recovered" (Administrative Code § 26-511.1[a][1]).
On the other hand, the other challenged provisions, allowing DHCR to include in its Reasonable Cost Schedule "additional cost that can be associated with the type of improvements listed within such class" is "consistent with [the] enabling legislation" and "not so lacking in reason for its promulgation that [they are] essentially arbitrary" (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254 [2004] [internal quotation marks omitted]). The Legislature tasked DHCR with establishing "the criteria for eligibility" (Administrative Code § 26-511.1[a][2]). Accordingly, it was not unreasonable to make recovery under the Schedule "inclusive of additional cost that can be associated with" MCI-eligible work where the additional cost was "reasonable" (9 NYCRR 2522.11[a] and [b]).
We also find no violation of the procedural rules of the State Administrative Procedure Act warranting annulment of the regulation or operational bulletins (see State Administrative Procedure Act § 202[8]). Petitioners alleged a violation because DHCR failed in its regulatory impact statement to cite, summarize, and explain how it used data to promulgate the regulation and set the Schedule. However, the statute in question requires only: "a citation for and summary . . . of each scientific or statistical study, report or analysis that served as the basis for the rule, an explanation of how it was used to determine the necessity for and benefits derived from the rule, and the name of the person who produced each study, report or analysis" (State Administrative Procedure Act § 202-a[3][b]). The underlying data, about which petitioners complain, is not required, except under a separate provision (see State Administrative Procedure Act §§ 104[1]; 102[13]).
Contrary to petitioners' contention, DHCR's issuance of annual updates to the Schedule through operational bulletins are not rules under the State Administrative Procedure Act, but instead set "parameters for calculation" of MCI rent increases "as expressly provided for in the Rent Stabilization Code" (Matter of 128 Hester LLC v New York State Div. of Hous. & Community Renewal, 146 AD3d 706, 708 [1st Dept 2017], lv dismissed 30 NY3d 988 [2017]; see 9 NYCRR 2522.11[a], [e], [m]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE [*3]DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024